**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7803**

STERLING L. SINGLETON,

        Plaintiff - Appellant,

    v.

CAPTAIN JORDAN WILLIAMS; SERGEANT WELLINGTON WILLIAMS; SERGEANT DANA KNOWLIN; SERGEANT CHRIS POINDEXTER; SERGEANT DONALD HARPER; ZACKERY PINKNEY,

        Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. J. Michelle Childs, District Judge. (9:19-cv-02840-JMC)

Submitted: May 20, 2021                      Decided: May 25, 2021

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Sterling L. Singleton, Appellant Pro Se. Andrew Lindemann, LINDEMANN & DAVIS, P.A., Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sterling L. Singleton seeks to appeal the district court's text order, entered five months after the court dismissed his 42 U.S.C. § 1983 civil rights action for failure to prosecute, denying Singleton's postjudgment motion for the appointment of counsel. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order that Singleton seeks to appeal is neither a final order nor an appealable interlocutory or collateral order.[*] Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] To the extent that Singleton also seeks to appeal the district court's May 29, 2020, dismissal order, the notice of appeal, which was filed—at the earliest—in November 2020, is untimely as to that order. In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).